UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RICHARD L. SHELTON,

                Plaintiff,

     -against-

BURGIS D. SETHNA, Individually, and as an
Officer of Bank Card New York and Bison
Commercial Leasing Corp., BANK CARD
NEW YORK and BISON COMMERCIAL
LEASING CORP.,

                Defendants.
-----------------------------------------------------------------X

MOTION TO WITHDRAW
(Local Rule 1.4)

Civil Action No. 10-cv-4218
Hon Griesa, J.

# MEMORANDUM OF LAW
# IN SUPPORT OF MOTION,
# PURSUANT TO LOCAL RULE 1.4,
# TO WITHDRAW AS COUNSEL AND
# FIX AMOUNT OF RETAINING LIEN

**MICHAEL T. LAMBERTI, ESQ.**
*Attorney for Defendants*
180 Froehlich Farm Blvd.
Woodbury, new York 11797
(516) 364-5300 (Tel.)
(516) 364-5453 (Fax.)

## **Preliminary Statement**

The movant, MICHAEL T. LAMBERTI, ESQ., submits this memorandum of law in support of his motion for an order, pursuant to Local Rule 1.4 of this Court, granting movant leave to withdraw as counsel of record for defendants, granting defendants time to either retain new counsel and/or proceed pro se; fixing the amount of movant's retaining lien; and granting movant such other and further relief as the Court may deem just and proper.

The reasons for movant's request to withdraw as counsel are set forth in detail in his Affirmation. Those reasons include the fact that there has developed an irreconcilable conflict of interest between defendants and himself, which requires his withdrawal based upon the authority set forth in this Memorandum of Law. In addition, defendants have failed and refused to cooperate with their counsel in conjunction with their defense of this action and have refused to honor the terms of their retainer agreement in that they have owed unpaid attorney's fees an disbursements since July, 2011.

# LEGAL ARGUMENT

## POINT I

### DEFENDANTS' ABJECT FAILURE AND REFUSAL TO COOPERATE WITH THEIR COUNSEL ENTITLES MOVANT TO WITHDRAW FROM THIS CASE AND FOR THE COURT TO FIX THE AMOUNT OF MOVANT'S RETAINING LIEN

**Model Code of Professional Responsibility:**

Although the Model Code of Professional Responsibility ("Model Code") "was drafted solely for its use in disciplinary proceedings and cannot by itself serve as a basis for granting a motion to withdraw as counsel, it has been held by the Second Circuit Court of Appeals that "the Model Code provides guidance for the court as to what constitutes 'good cause' to grant leave to withdraw as counsel" (*Whiting v. LaCara*, 187 F.3d 317 (2d Cir. 1999) (citing *Brown v. National Survival Games, Inc.* No. 91-CV-221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994) (citing *Armstrong v. McAlpin*, 625 F.2d 433, 446 n.26 (2d Cir. 1980), vacated on other grounds, 449 U.S. 1106 (1981); see also *Joseph Brenner Assocs. v. Starmaker Entertainment, Inc.*, 82 F.3d 55, 57 (2d Cir. 1996) (citing New York implementation of Model Code in affirming district court's decision granting counsel's withdrawal motion).

Disciplinary Rule ("DR") 2-110, 22 N.Y.C.R.R. Sections 1200.15(c)(i) and (iv) provide that a lawyer is permitted to withdraw if the client: (i) Insists upon

presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument of an extension, modification, or reversal of existing law[;] . . . [or] (iv) [b]y other conduct that renders it unreasonably difficult for the lawyer to carry out employment effectively. (emphasis supplied)

When a client insists on dictating legal strategies to the lawyer to the extent that their relationship significantly deteriorates, the situation may constitute the functional equivalent of a conflict of interest establishing good cause to withdraw (See i.e. *LaCara*, 187 F.3D at 323; *Heck-Johnson v. First Unum Life Ins. Co.*, 01-CV-01739 (N.D.N.Y. 2006) ("[I]t is readily apparent that there is a fundamental conflict between two concerning legal strategy that has caused their relationship to deteriorate").

Whenever an attorney "continues to represent a client despite the inherent conflict of interest in his so doing [due to possible Rule 11 sanctions] [he] risks an ethical violation" (see *Healey v. Chelsea Resources, Ltd.*, 947 F.2d 611, 623 (2d Cir. 1991) (citing *Calloway v. Marvel Enterainment Group*, 854 F.2d 1452, 1471 (2d Cir. 1988), reversed on other grounds 493 U.S. 120, 107 L.Ed.2d 438, 110 S.Ct. 456 (1989)).

And, where, as here, a client fails and refuses to pay his attorney the amount of his retainer and disbursements, withdrawal is warranted (*Cower v. Albany Law School*, No. 04 Civ. 0643 (DAB), 2005 WL 1606057, at *2, 2005 U.S. Dist.

LEXIS 13669 *17, 2005 SNY 0000797 (S.D.N.Y. 2005); *Grunwald v. Bornfreund*, 1992 WL 135233, *2 (E.D.N.Y. May 29, 1992); *Fischer v. Biman Bangladesh Airlines*, 1997 WL 411446,*1 (S.D.N.Y. July 18, 1997); *Beshansky v. First National Entertainment Corp.*, 140 F.R.D. 272, 274 (S.D.N.Y. 1990); *Farr Man Coffee, Inc. v. M/H/ Bernard S.*, 1989 WL 31529, 1, 1989 U.S. Dist. Lexis 2988, 3 (S.D.N.Y. 1989); *McGuire v. Wilson*, 735 F.Supp. 83, 85 (S.D.N.Y. 1990); *Statue of Liberty v. Intern. United Industries*, 110 F.R.D. 395, 397 (S.D.N.Y. 1986)).

The inordinate burden placed upon defendants' counsel by defendants' failure and refusal to cooperate with him and t pay the amount of his legal fees and disbursements was aptly described by the court in *Rivera-Domenech v. Calvesbert Law Offices*, 402 F.3d 2005 (1st Cir. 2005):

> "It simply expects too much of counsel to expend the additional energy necessary to go to trial, and to front the necessary expenses, without any real assurance that he will be paid for any of it, especially where he already is owed a substantial sum and the client has violated the written fee agreement. Further, if counsel does not expend the necessary effort and does not front the trial expenses, he very well could expose himself to civil liability to his client. We refuse to place counsel in such a position."

In *Cower v. Albany law School, supra.*, the Court reiterated the rules applicable to the case at bar:

> "It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw. E.g., Emile v. Browner, 95 Civ. 3836, 1996 U.S. Dist. LEXIS 18654, *2-*3, 1996 WL 724715 at *1 (S.D.N.Y. Dec. 17, 1996) ('When a client fails to ay legal fees, fails to

communicate or cooperate with the attorney . . . these are more than sufficient reasons for counsel to be relieved.'); Allstate Insurance Co. v. Administratia Asigurarilor de Stat, 86 Civ. 2365, 1993 U.S. Dist. LEXIS 4853, 1993 WL 119708, at *1, *2 (S.D.N.Y. Apr. 115, 1993). It appears that whatever disputes exist between Plaintiff and his counsel, Plaintiff has not alleged that he has paid his counsel the outstanding balance his counsel claims he is owed. The Court cannot force Plaintiff's counsel to proceed pro bono, accordingly, standing alone, this is sufficient grounds to grant leave to withdraw. In light of counsel's representations to the Court that the Plaintiff has not paid legal fees already incurred, the Court GRANTS Plaintiff's Counsel's application to withdraw, on the condition that Plaintiff's counsel serve copies of this Order upon Plaintiff and Defendants, and file proof of such service."

Defendants' failure and refusal to cooperate with movant and to pay movant the amount of his attorney's fees and disbursements, fully support movants motion to withdraw as defendants' counsel and for the Court to fix movant's retaining lien (*Cover v. Albany Law School, supra.*).

## CONCLUSION

Movants motion, for an for an order, pursuant to Local Rule 1.4 of this Court, granting movant leave to withdraw as counsel of record for defendants, granting defendants time to either retain new counsel and/or proceed pro se; fixing the amount of movant's retaining lien; and granting movant such other and further relief as the Court may deem just and proper, should be, in all respects, GRANTED.

**MICHAEL T. LAMBERTI, ESQ.**

By:_____

Michael T. Lamberti (ML3128)
180 Froehlich Farm Blvd.
Woodbury, new York 11797
(516) 364-5300 (Tel.)
(516) 364-5453 (Fax.)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
RICHARD L. SHELTON,   10-CV-4218

                Plaintiff,   Griesa, J.

    -against-

                                **AFFIRMATION OF SERVICE**

BURGIS D. SETHNA, Individually, and as an
Officer of Bank Card New York and Bison
Commercial Leasing Corp.,
BANK CARD NEW YORK and
BISON COMMERCIAL LEASING CORP.,
                Defendants.
------------------------------------------------------X

MICHAEL T. LAMBERTI, an attorney duly licensed to practice law in the courts of New York State,

affirms the following to be true while fully cognizant of the penalties for perjury:

    That on the 13TH day of April, 2012, deponent served the following

Notice of Motion pursuant to Local Rule 1.4, Affirmation in Support and Memo of Law

    **THE LAW OFFICE OF
    STEVEN E. ARMSTRONG, PLLC
    EVAN S. ROTHFARB, Of Counsel**
    11 Broadway, Suite 615
    New York, New York 10007
    (646) 350-1802 (Tel.)
    (646) 455-0639 (Fax.)

    **BURGIS D. SETHNA**,
    Individually, and as an._____
    Officer of Bank Card New York and
    Bison Commercial Leasing Corp.
    5 Neil Drive
    Old Bethpage, NY 11804

**BANK CARD NEW YORK** and
**BISON COMMERCIAL LEASING LLC**
Named in the caption of this action as
Bison Commercial Leasing Corp.
250 Duffy Avenue
Hicksville, NY 11801


Dated: Woodbury, New York
April 13, 2012

                        **MICHAEL T. LAMBERTI, ESQ.**

                        By: _____
                        Michael T. Lamberti
                        *Attorney for Defendants*
                        180 Froehlich Farm Blvd.
                        Woodbury, New York 11797
                        (516) 364-5453

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
RICHARD L. SHELTON,

                Plaintiff,

      -against-                                Civil Action No. 10-cv-4218

BURGIS D. SETHNA, Individually, and as an     Griesa, J.
Officer of Bank Card New York and Bison
Commercial Leasing Corp., BANK CARD
NEW YORK and BISON COMMERCIAL
LEASING CORP.,

                Defendants.
---------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF NOTICE OF

## MOTION PURSUANT TO LOCAL RULE 1.4

**MICHAEL T. LAMBERTI, ESQ.**

Michael T. Lamberti (ML3128)
180 Froehlich Farm Blvd.
Woodbury, new York 11797
(516) 364-5300 (Tel.)
(516) 364-5453 (Fax.)