UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | |
|---|---|
| RICHARD L. SHELTON, | AFFIRMATION IN SUPPORT OF NOTICE OF MOTION |
| Plaintiff, | (Local Rule 1.4) |
| -against- | Civil Action No. 10-cv-4218 |
| BURGIS D. SETHNA, individually, and as an Officer of Bank Card New York and Bison Commercial Leasing Corp., BANK CARD NEW YORK and BISON COMMERCIAL LEASING CORP., | Griesa, J. |
| Defendants. | |

------------------------------------------------------------X

MICHAEL T. LAMBERT, ESQ., an attorney duly admitted to practice law in the State of New York and in this Court affirms the following to be true under penalty of perjury:

1. I am the attorney of record for the defendants in the above-captioned action and submit this Affirmation in support of the relief requested in the annexed Notice of Motion, to wit: an order, pursuant to Local Rule 1.4 of this Court, granting movant leave to withdraw as counsel of record for defendants, granting defendants time to either retain new counsel and/or proceed pro se; fixing the amount of movant's retaining lien; and granting movant such other and further relief as the Court may deem just and proper.

2. The reasons for my request to withdraw as counsel are set forth in detail in the succeeding paragraphs of this Affirmation. Those reasons include the fact that there has developed an irreconcilable conflict of interest between defendants and myself which <u>requires</u> my withdrawal based upon the authority set forth in my Memorandum of Law. In addition, the plaintiff has failed and refused to cooperate with me in conjunction with his defense of this action; has failed and refused to honor the terms of his retainer agreement; and has owed me unpaid attorney's fees an disbursements since July, 2011.

## Reasons for Withdrawal Motion

## Breakdown in Attorney-Client Relationship:

3. Recently this Court rendered a decision on plaintiff's motion, pursuant to FRCP 56, for summary judgment, and defendants' motion, pursuant to FRCP 12(b)(1), for dismissal of plaintiff's complaint based upon the lack of subject matter jurisdiction and, pursuant to FRCP 12(b)(6), for dismissal of plaintiff's complaint based upon its failure to state a claim upon which relief can be granted, or alternatively, pursuant to FRCP 56, granting defendants summary judgment dismissing plaintiff's complaint.

4. After receiving a copy of the Court's decision in this case, on March 28, 2012, I forwarded a copy of the decision to defendants via an e-mail and requested them to contact me immediately upon their receipt of the copy of the Court's decision.

5. As of the date of the Affirmation, I have received absolutely no communication whatsoever from defendants regarding either the Court's decision or the email that I sent to defendants on March 28, 2012.

6. Having received no response from defendants to my March 28, 2012 e-mail, on April 4, 2012, I mailed another copy of the Court's decision to defendants, Via express Mail Overnight Delivery, at their business address located at 250 Duffy Avenue, Hicksville, New York 11801.

7. In addition, on April 4, 2012, once again via Express Mail Overnight Delivery, I mailed another copy of the Court's decision to the home of the individual defendant Burgis D. Sethna and also faxed a copy of the Court's decision to the defendants.

8. Despite my many attempts to have defendants contact me with respect to this case, I have not received any communication whatsoever from them.

9. Defendants' failure to communicate with me has prevented me from continuing their representation in this matter.

10 Moreover, after the parties' motions were submitted and prior to the Court's decision in this case, it become increasingly clear to me that defendants and I had divergent views on the strategies the defense of the defendants in this action. Those divergent views culminated in the complete breakdown of the attorney/client

relationship that had theretofore existed between the defendants and myself which also preclude me from continuing my representation of defendants.

11. In fact, even before the complete breakdown in the attorney/client relationship between defendants and myself, the individual defendant had agreed that defendants would release me and my law firm from continuing their representation of defendants and would send me letter discharging us as their counsel. Defendants had agreed that my discharge was to be effective November 1, 2011. However, despite this verbal representation to me, no such discharge letter has ever been received by me.

12. Indeed, in December 2011, I was once again advised by defendants, in person and later confirmed in an email, that defendants had new counsel and that their new counsel would be requesting my file concerning this matter that same day.

13. During that discussion, I was requested to provide defendants with appropriate language for them to set forth in the letter discharging me as defendants' counsel in this case. It is lamentable that defendants never sent such a letter to me!

14. The last communication that I received from defendants was on December 27, 2011 when I was advised by the individual defendant that he was on his way to a meeting with his "new counsel" and that I would be hearing from him

soon. Despite this representation, I have received no further communication from defendants.

15. The actions and inactions of defendants demonstrate a persistent pattern of non-cooperation and refusal to assist in their defense.

16. Lastly, defendants have failed to meet their agree upon monetary obligations and are currently indebted to me and my firm for outstanding legal fees and expenses totaling $18,280.00, which despite due demand, is currently due and owing. These fees and expenses date back to July 4, 2011 when I received the trifling sum of $300 from defendants.

17. No prior application for the relief requested herein has been previously made to this Court.

WHEREFORE, Affirmant respectfully requests that this Court grant movant an order, pursuant to Local Rule 1.4 of this Court, granting movant leave to withdraw as counsel of record for defendants, granting defendants time to either retain new counsel and/or proceed pro se; fixing the amount of movant's retaining lien; and granting movant such other and further relief as the Court may deem just and proper.

Dated: Westbury, New York
April 13 , 2012

Michael T. Lamberti (ML3128)