𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱
𝔖𝔬𝔲𝔱𝔥𝔢𝔯𝔫 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 𝔑𝔢𝔴 𝔜𝔬𝔯𝔨
-------------------------------------------------------------X
RICHARD L. SHELTON,                                :
                                                   :
                    *Plaintiff*,                   :   10-CV-4218 (CS)
                                                   :
        -*against*-                                :
                                                   :
                                                   :
                                                   :
BURGIS D. SETHNA, *et. al*,                        :
                                                   :
                    *Defendants*.                  :
-------------------------------------------------------------X

## PROTECTIVE ORDER GOVERNING DISCOVERY

To expedite the flow of discovery material between the parties and adequately protect the parties' legitimate interests, it is, pursuant to the Court's authority under Fed.R.Civ.P. 26(c); or other private or competitively sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted, and with the consent of the parties, ORDERED:

1. **MATERIALS SUBJECT TO THIS ORDER.**

1.1. This Order governs materials provided by the either party at any stage of this case, and which either party has identified as "Sensitive" or "Confidential" and provided either Disclosure and as discovery activity in this action. Materials subject to this order may involve production of financial information, trade secrets or other confidential research, development, or commercial information, within the meaning of Fed.R.Civ.P. 26(c); or other private or competitively sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. This Order will

*Protective Order*

not be used to designate materials as Sensitive or Confidential unless such designation is necessary for one of the reasons stated in this paragraph or for a similar reason not anticipated by this Order.

## 2. TERMS AND DEFINITIONS

2.1     *Defendant*.  Any reference to "Defendant" herein refers individually to each defendant identified in the caption above, but based on the stage of this case is primarily for individual Burgis Sethna, and his wife, who has been ordered to provide Sensitive materials as a part of this case.

2.2     *Legal Team*.  The "legal team" includes counsel (defined as counsel of record in this case, and any attorneys, investigators, paralegals, support staff, and expert witnesses who are advising or assisting defense counsel in connection with this case.

2.3     *Disclosure or Discovery Material*.  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.4     *Receiving Party*. Any Party that receives Disclosure or Discovery Material from a Producing Party.

2.5     *Producing Party*.  Any Party or non-Party that produces Disclosure or Discovery Material in this action.

2.6     *Designating Party*. Any Party or non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Sensitive".

2.7     *Protected Material*.  Any Disclosure or Discovery Material that is designated as "Confidential" or "Sensitive".

2.8     *Protected Financial Information*. Any document or information supplied in

any form, or any portion thereof, that identifies an individual or business in any manner and contains account numbers, taxpayer identification numbers, employer identification numbers, or other information identifying the accounts, excluding any identification consisting only of publicly-available information or the last four digits of an account number.

### 3. RULES FOR THE HANDLING OF SENSITIVE OR CONFIDENTIAL MATERIALS.

3.1     *Limitations on Use*.  Parties and their legal team may use Sensitive and Confidential discovery materials solely in connection with enforcing a judgment in this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

3.2     *Limitations on Dissemination*.  No Sensitive or Confidential materials, or the information contained therein, may be disclosed to any persons other than the parties, the legal team, or the person to whom the Sensitive or Confidential information solely and directly pertains or his/her counsel, without agreement of the parties in this case or prior authorization from the Court.

3.3     *Limitations on Reproduction*.  Parties and their legal team, and authorized persons shall not copy or reproduce the Sensitive or Confidential materials except in order to provide copies of the materials for use in connection with this case, the legal team, the person to whom the Sensitive or Confidential information solely and directly pertains or his/her counsel, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons").  Copies and reproductions, and any notes or records made in relation to the contents of the Sensitive and Confidential materials, are to be treated in the same manner as the original materials.

3.4     *Court Filings*.  Absent prior agreement by the parties or permission from the Court, no party shall disclose materials designated as Sensitive or Confidential materials in any public filing with the Court. The Clerk of Court shall accept for filing under seal any filings made in

compliance with that Rule and so marked by the parties pursuant to this Order.

3.5     *Court Hearings*.  The restrictions in this Order shall not limit either party in the use of the materials in judicial proceedings in this case. The procedures for use of designated Sensitive and Confidential materials during any hearing, appearance, or conference on this matter shall be determined by the parties and the Court.

**4.   ADDITIONAL RULES FOR HANDLING OF SENSITIVE MATERIALS.**

4.1      *Additional Rules*. The following additional terms apply to Sensitive and Confidential materials:

> a. **Storage.**   Sensitive or Confidential materials must be maintained in the custody and control of parties, the legal team, and authorized persons.  This restriction shall not apply to the person to whom the Sensitive or Confidential information solely and directly pertains or his/her attorney.

4.2     *Additional Limitations on Reproduction*.  Counsel agrees that prior to showing materials to his client, a party hereto, designated as Sensitive or Confidential, counsel or an attorney, investigator, paralegal, or support staff person employed by counsel will read the Party to this action the relevant parts of this Order, and remind its client of the consequences of violating the Order.  If a party takes notes regarding Sensitive or confidential materials, counsel or an attorney, investigator, paralegal, or support staff person employed by counsel must take reasonable steps to determine whether Defendant has copied any personal identity information as identified in the Federal Rules of Civil Procedure.

4.3     *Storage.*    Sensitive and confidential materials must be maintained in the custody and control of the legal team and authorized persons.  This restriction shall not apply to the person to whom the Sensitive or Confidential information solely and directly pertains or his/her attorney.

**Protective Order**

5. **DISPUTES.**

5.1     The parties shall make a good faith effort to resolve any dispute about a sensitivity designation before requesting the Court's intervention.  The parties may agree to remove or reduce a sensitivity designation without further order of this Court.  Whenever the redaction of specified information will resolve the basis for which a sensitivity designation was applied, the Defendant will agree to redaction, and such redaction will render the materials no longer subject to this Order. Any agreement to reduce or remove a sensitivity designation or to redact specific information shall be memorialized in writing.

6. **MODIFICATION PERMITTED.**

6.1     Nothing in this Order shall prevent any party from seeking modification of this Order nor prevent the Defendant from contesting a sensitivity designation.  The parties agree that the burden of demonstrating the need for a protective order remains with the Defendant.

7. **FAILURE NOT WAIVER.**

7.1     The failure by the Defendant to designate any materials as Sensitive or Confidential upon disclosure shall not constitute a waiver of the Defendant's ability to later designate the materials as Sensitive or Confidential at a later time. Defendant, must, however, separately identify and memorialize the changed status of those materials in writing.

8. **DURATION.**

8.1     The terms of this Order shall remain in effect after the conclusion of this case and the parties shall be bound by it unless otherwise ordered by the Court.

**SO ORDERED** this <u>22nd</u> day of <u>November</u>, 2021.

*Cathy Seibel*
_____
HON. CATHY SEIBEL
U.S. DISTRICT COURT JUDGE